UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bedoya, et al.,

                        Plaintiffs,

- *against* -

Level 42 Associates, LLC, et al.,

                        Defendants.

14 Civ. 1333(KMK)(PED)

ORDER

**PAUL E. DAVISON, U. S. M. J.:**

    Following a discovery conference on January 29, 2015, the Court reserved decision concerning Plaintiff's request for disclosure of what he describes as a "class list" and for related discovery. The Court has now considered the parties' post-conference submissions and the authorities cited therein. Plaintiff's application is **GRANTED IN PART** and **DENIED IN PART**.

    In brief, "the weight of authority in this district counsels in favor of allowing [pre-certification disclosure concerning putative class members] in FLSA cases." Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010). As Judge Sand observed in Whitehorn, "early access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier. Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's 'limitation's period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly.'" Id., quoting Dziennik v. Sealift, Inc., No. 05 Civ. 4659, 2006 WL 1455464 at *2 (E.D.N.Y. May 23, 2006). In FLSA cases, these considerations outweigh the concerns about

possible improper client solicitation which have led courts to disfavor pre-certification discovery concerning possible class members in class actions pursuant to Rule 23, Fed. R. Civ. P. See Dziennik, 2006 WL 1455464 at *1-2.

Accordingly, Defendant's objection to such disclosure is overruled. Defendant shall provide plaintiff's counsel with the name, last known telephone number, last known address, and job position for every non-exempt employee who worked as a waiter/server and/or bartender from February 28, 2008 to the present within 10 days of this Order.[1]

It does not follow, however, that plaintiff's counsel is entitled at this time to payroll records or other documentary discovery relating to individuals who are not yet (and may never become) parties to this action. Defendants are directed to preserve payroll and related records for all present and former employees identified above, but plaintiff's application to compel disclosure of that information at this time is **DENIED**.

Dated: February 13, 2015
      White Plains, New York

SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge

---

[1] The Court rejects defendant's suggestion that such disclosure implicates employee privacy concerns. Defendants shall therefore provide this information on an unrestricted basis.