

# HEPWORTH, GERSHBAUM & ROTH, PLLC.
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
HGRLAWYERS.COM T: (212) 545-1199 F: (212) 532-3801

April 10, 2015

**Via ECF**
The Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

    Re:    *Bedoya, et al. v. Level 42 Associates, LLC, et al.*
            No.: 14-CV-1333 (KMK-PED)

Dear Judge Karas:

    My office represents the Plaintiffs in the abovementioned lawsuit. We write this letter to briefly respond to Defendants, Friday, end of the day filing regarding today's Rule 68 offer. To begin with, Plaintiffs' counsel, Charlie Gershbaum – who has for the most part been handling the litigation, is unable to respond to the letter because he is on vacation and engaging in the orthodox religious observation of Passover. Defense counsel is well aware that Mr. Gershbaum is on vacation this week. In fact, Mr. Gershbaum does not answer phones or work in any capacity today and as a result I am responding to Mr. Walters' letter.

    Defendants' letter seeking a stay is entirely improper and premature. The statutory provision as indicated by Federal Rule of Civil Procedure Rule 68 covering offers of judgment is clear – Plaintiffs have ***14 days*** after being served to potentially accept the offer. The Defendants made an initial offer yesterday and then increased the offer for the three named Plaintiffs by almost 20% percent earlier today, based upon an alleged miscalculation on their behalf. The Defendants expecting an answer within hours of the offer is not only disingenuous but more importantly not required by statute. The reason for the timeframe as allocated by the statute is to allow an attorney time to consult with their clients.

    Specifically, the statute states as follows:

Rule 68. Offer of Judgment

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party

Hon. Kenneth Karas
April 10, 2015

Page 2

>may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
>(c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time—but at least 14 days—before the date set for a hearing to determine the extent of liability.
>
>(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The Defendants made their offer at 2:16 p.m. today and as such Plaintiffs' time to respond (should we choose) expires on April 24, 2015. Nowhere in the statute does the relief state that Defendants may seek a stay. If the Defendants did not want depositions to go forward they should have made their offer more than two weeks ago. The idea that they will be prejudiced is due solely to their actions.

Additionally, Defendants offer is defective on its face. *See* Exhibit "A". The Defendants have made a lump sum offer – exclusive of attorneys fees and costs – as such the Plaintiffs have no way of knowing what offer was made to each respective Plaintiff. *Gavoni v. Dobbs, Inc.*, 164 F.3d 1071 (7th Cir. 1999); *see also* fn. 7 discussing *Gavoni* in *Jolly v. Coughlin*, 1999 WL 20895 (S.D.N.Y. 1999). In the case cited by Defendants, *Velasquez v. Digital Page, Inc.,* 842 F. Supp 486 (E.D.N.Y. 2012) there were two Plaintiffs and the Defendants offer was *specific* to each Plaintiff. Moreover in *Velasquez,* the Court denied the Defendants' request which sought similar relief. In addition, the Plaintiffs have consistently made it clear that this matter is proceeding as a class and any offers need to be made to the class as a whole.

Accordingly, Plaintiffs respectfully request that the Court deny the Defendants' request.

We thank the Court for its attention to this matter.

                      Respectfully submitted,

                      /s_____
                      Marc S. Hepworth

cc:    Counsel of Record (via E-Mail)